# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DOCK BATTLES,** ) | |
| a/k/a **Demetrius Wallace,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:09-cv-00705-TMP |
| ) | |
| **CURTIS McCANTS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on August 26, 2009, recommending that this action be dismissed for failing to state a claim upon which relief can be granted, and for seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915A(b)(1) and (2).  The plaintiff filed a response on September 21, 2009, along with a motion to amend the complaint to include a legal argument in support of his claims against defendants McCants, George, and Magouirk; the police officers who are alleged to have made reckless and material omissions in affidavits submitted in support of arrest and search warrants. (Doc. no. 10).  The plaintiff's motion is GRANTED to the extent that he may assert the *legal* argument in support of his claims herein.  However, the plaintiff's response

and legal argument are not a sufficient basis to overrule the magistrate judge's findings.

The plaintiff cites *Overton v. Ohio*, 534 U.S. 982, 122 S. Ct. 389, 151 L. Ed. 2d 317 (2001), for the proposition that a form complaint or affidavit which simply contains a general description of the crime and which fails to indicate how the affiant "knows or why he believes" the crime has been committed, is insufficient to constitute probable cause for issuance of an arrest warrant.  However, the *Overton* citation refers to nothing more than a statement by four justices with respect to the *denial of certiorari*.  It can hardly be considered as any binding precedent from the Supreme Court.  As recognized by the magistrate judge, the plaintiff has failed to show how the defendants knowingly or recklessly made false statements or material omissions in their affidavits for arrest and search warrants in this case. *Velardi v. Walsh*, 40 F.3d 569, 573 (2nd Cir. 1994).  The assertion that the affiant in a warrant application made knowing and reckless statements or omissions in his application is different from arguing that the application simply fails to establish probable cause .  The former alleges malfeasance by the affiant, the latter only negligence.  Without a showing of intentional or reckless disregard for the truth of matters offered in support of a warrant application, the plaintiff cannot assert a claim for damages under 42 U.S.C. § 1983 or overcome the affiant's qualified immunity.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be, and it hereby is, ADOPTED, and the recommendation is ACCEPTED. Accordingly, This action is due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and (2) for failing to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief. A Final Judgment will be entered.

DONE this 3rd day of February, 2010.

_____
United States District Judge